IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ISAIAH JOSEPH BRUEGGEN,

               Plaintiff,

    v.                                                                    OPINION and ORDER

INVESTIGATOR DAN BAUDEK and                            26-cv-235-jdp
INVESTIGATOR BRANDON STOUGHTENGER,

               Defendants.

---

Plaintiff Isaiah Joseph Brueggen, proceeding without counsel, alleges that defendants, investigators for the La Crosse County Sheriff's Office, falsely stated that a substance found in his possession tested positive for methamphetamine, which led to criminal charges that were ultimately dismissed. Brueggen is currently incarcerated at Dodge Correctional Institution, but he was detained at the jail when the events occurred.

Brueggen is incarcerated, so I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Brueggen's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I need not accept as true allegations directly contradicted by matters of public record. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Brueggen to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

The allegations of fact are drawn from the complaint and the docket sheet in La Crosse County case no. 2025CF946.[1] While detained at La Crosse County Jail, a substance was found in Brueggen's possession. On or about October 30, 2025, Baudek and Stoughtenger tested the substance. The docket sheet in the '946 case indicates that the initial test was positive for methamphetamine. Brueggen was charged with possession of methamphetamine, possession of drug paraphernalia, and bail jumping in the '946 case. The substance was later tested by a crime laboratory and determined to be salt, after which the charges in the '946 case were dismissed.

ANALYSIS

Under federal law, Brueggen purports to bring a malicious prosecution claim and an Eighth Amendment claim. As a preliminary matter, the Eighth Amendment is not a proper vehicle for Brueggen to seek relief. The Eighth Amendment applies to convicted prisoners only. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Online DOC records indicate that when the events occurred, Brueggen was detained at the jail while awaiting resolution of the state's efforts to revoke his extended supervision.[2] Because Brueggen's extended supervision had yet to be revoked, the Eighth Amendment does not apply.

The Fourteenth Amendment would govern a claim by a prisoner with that custodial status challenging his conditions of confinement. *See Voss v. Marathon Cnty.*, No. 18-cv-540-

---

[1] *Available at* https://wcca.wicourts.gov/case.html.

[2] *See* https://appsdoc.wi.gov/lop/home/home.

2

jdp, 2021 WL 148732, at *4 (W.D. Wis. Jan. 15, 2021). But Brueggen does not challenge his conditions of confinement. The main idea of the complaint is that defendants falsely stated that a substance in his possession tested positive for methamphetamine, which led to criminal charges that were ultimately dismissed. This allegation suggests malicious prosecution, for which Brueggen expressly seeks relief. So, under federal law, I will analyze a Fourth Amendment malicious prosecution claim. Brueggen also brings a defamation claim under Wisconsin law.

## A.    Federal-law malicious prosecution claim

To state a claim for malicious prosecution under § 1983, Brueggen must plausibly allege that defendants instituted the '946 case against him without probable cause and with malice (i.e., a purpose other than bringing him justice), and that the prosecution ended without a conviction. *See Thompson v. Clark*, 596 U.S. 36, 44, 49 (2022); *Evans v. Matson*, No. 23-2954, 2024 WL 2206638, at *2 (7th Cir. May 16, 2024).

Probable cause to arrest is an absolute defense to malicious prosecution. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause means that the circumstances that an officer is aware of are enough for a prudent person to believe that the suspect has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016). A positive field test is enough to support probable cause for a drug possession offense. *See Larsen v. Carroll Cnty.*, 798 F. App'x 942, 945 (7th Cir. 2020); *Alba-Guerrero v. Sirchie Acquisition Co., LLC*, No. 24-cv-602-jdp, 2025 WL 1344872, at *3 (W.D. Wis. May 8, 2025).

Brueggen alleges that defendants falsely stated that the recovered substance was methamphetamine because a crime laboratory test showed that it was salt. But the substance initially tested positive for methamphetamine, and the field test is enough to provide probable cause for the possession charge. For the same reason, it's implausible that defendants caused

the '946 case to be instituted for a malicious purpose. Brueggen's extended supervision had yet to be revoked, so the initial positive test would have supported the bail jumping charge. Brueggen was also charged with possession of drug paraphernalia, but he does not allege any facts to suggest that defendants pursued that charge for a malicious purpose. I will not allow Brueggen to proceed on a malicious prosecution claim.

**B. State-law defamation claim**

Without a federal claim, the court would not have jurisdiction over Brueggen's state-law claim on the basis of diversity because he and defendants are Wisconsin citizens. Dkt. 1 at 2. When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

However, in this case, Brueggen's defamation claim is based on the same facts as his malicious prosecution claim, so I'll screen the defamation claim on the merits. The positive field test would undermine the factual basis for Brueggen's defamation claim. And Wisconsin law affords absolute immunity from claims of libel or slander for statements made during the course of judicial proceedings, or during investigatory proceedings preliminary to commencement of criminal prosecution. *Converters Equip. Corp. v. Condes Corp.*, 80 Wis. 2d 257, 266 (1977). I will dismiss Brueggen's state-law defamation allegations for failure to state a claim.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of*

4

*Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Brueggen's malicious prosecution claim appears to be futile because probable cause is a complete defense to malicious prosecution. *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

But, in an abundance of caution, I will give Brueggen one opportunity to amend the complaint to fix the above pleading problems. The amended complaint must be filed on the court's prisoner complaint form, which the court will send him with this order. If he needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Brueggen should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Brueggen must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Brueggen believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1.  Plaintiff Isaiah Joseph Brueggen's complaint, Dkt. 1, is DISMISSED.

2.  Plaintiff may have until June 18, 2026, to file an amended complaint that fixes the problems identified in this order.

3.  Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins to ensure readability.

4.  The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5.  If plaintiff fails to comply with this order, I may dismiss the case.

6.  Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7.  Plaintiff is to be sent a copy of the order's prisoner complaint form.

Entered May 18, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6